# United States Court of Appeals for the Federal Circuit

---

**BRIAN MORRIS,**
*Petitioner,*

**v.**

**OFFICE OF COMPLIANCE,**
*Respondent.*

---

2009-6001

---

On petition for review of a decision of the Board of Directors of the Office of Compliance, 08-ARB-1.

---

Decided: June 10, 2010

---

KELLY BURCHELL, Fraternal Order of Police/United States Capitol Police Labor Committee, of Washington, DC, argued for petitioner.

WILLIAM WACHTER, Attorney, Office of Compliance, of Washington, DC, argued for respondent. With him on the brief was PETER AMES EVELETH, General Counsel.

---

Before BRYSON, GAJARSA, and PROST, *Circuit Judges.*

BRYSON, *Circuit Judge.*

Petitioner Brian Morris served as an officer in the United States Capitol Police ("USCP"). Members of the USCP are among those employees affected by the Congressional Accountability Act of 1995 ("the CAA"), which extends the coverage of various labor and employment statutes to employees of the legislative branch. *See* 2 U.S.C. § 1302(a). Officer Morris, relying on provisions of the CAA, appeals from a decision of the Board of Directors of the Office of Compliance ("the Board"), which denied exceptions to an arbitrator's decision rejecting Officer Morris's request for arbitration. The first issue that we must address—and the one that is dispositive—is whether this court has jurisdiction over Officer Morris's appeal.

On June 9, 2006, Officer Morris was discovered using a vacant office for personal reasons when he was supposed to be working. After an investigation, the USCP's Disciplinary Review Officer proposed that Officer Morris be terminated. Officer Morris exercised his contractual right under the applicable collective bargaining agreement to contest the proposed discipline before the USCP's Disciplinary Review Board ("DRB"). The DRB recommended reducing the penalty to a 12-day suspension. However, on July 16, 2007, the USCP's Deputy Chief of Police issued a memorandum in which he rejected the DRB's recommendation and stated that "the recommendation of termination is hereby imposed."

In response to that memorandum, Officer Morris filed a grievance and requested an "expedited arbitration" under the collective bargaining agreement. The USCP denied his request on the ground that the Deputy Chief's memorandum was merely a "proposed disciplinary action"

and therefore did not qualify for expedited arbitration under the collective bargaining agreement. On August 24, 2007, Officer Morris resubmitted his request for expedited arbitration and asserted that "[w]hether a matter is appropriate for arbitration must be decided by an arbitrator." After several rounds of correspondence between the parties, the USCP agreed to arbitration solely to address the issue of whether arbitration was proper. Meanwhile, Officer Morris received notice that his termination had been approved and would become effective as of October 12, 2007. On November 21, 2007, Officer Morris filed another request for expedited arbitration to contest his termination.

On January 18, 2008, the arbitrator determined that Officer Morris could not challenge his termination through expedited arbitration because both of his requests for expedited arbitration were untimely. The arbitrator ruled that Officer Morris's first request was premature because the action he was contesting at that time was only a "proposed disciplinary action." The arbitrator ruled that his second request was filed after the expiration of the 20-day period provided by the collective bargaining agreement for seeking arbitration. Officer Morris submitted exceptions to the Board, which the Board denied. Officer Morris now appeals from the Board's decision. He asserts that this court has jurisdiction under 2 U.S.C. § 1351(c)(3).

It is a "well-established principle that federal courts, as opposed to state trial courts of general jurisdiction, are courts of limited jurisdiction marked out by Congress." *Chertkov v. Office of Pers. Mgmt.*, 52 F.3d 961, 966 (Fed. Cir. 1995). The jurisdiction of this court is "limited to those subjects encompassed within a statutory grant of

jurisdiction." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982).

In many respects, the rights granted to legislative employees by the CAA are identical to rights granted to executive employees. *See* 2 U.S.C. § 1351(a)(1); 2 U.S.C. § 1302(a)(7). Those rights include the right to have an independent agency review arbitration decisions. *See* 2 U.S.C. § 1351(c)(1); 2 U.S.C. § 1381; *Duncan v. Office of Compliance*, 541 F.3d 1377, 1379 (Fed. Cir. 2008) ("The Office of Compliance is an independent agency within the legislative branch charged with enforcing the CAA."). In addition, Congress gave the Board and its General Counsel authority with respect to legislative branch employees similar to that exercised by the Federal Labor Relations Authority ("FLRA") and its General Counsel with respect to executive branch employees. *See* 2 U.S.C. § 1351(c)(1), (2).

As to the right of judicial review of the independent agency's decisions, however, Congress enacted a provision for legislative employees that is significantly different from the parallel provision for executive employees. For executive employees, Congress provided that "[a]ny person aggrieved" may obtain judicial review of final orders of the FLRA other than those orders involving an appropriate unit determination or arbitration awards not involving unfair labor practices. 5 U.S.C. § 7123(a). For legislative employees, however, Congress used more restrictive language. In 2 U.S.C. § 1351(c)(3), Congress provided as follows:

> Except for matters referred to in paragraphs (1) and (2) of section 7123(a) of Title 5, the General Counsel or the respondent to the complaint, if aggrieved by a final decision of the Board under [2

U.S.C. § 1351(c)(1) or (2)], may file a petition for judicial review in the United States Court of Appeals for the Federal Circuit.

Thus, rather than extending the right of judicial review to "any person aggrieved" by a Board decision, as in 5 U.S.C. § 7123, Congress limited the right of judicial review to "the General Counsel [of the Office of Compliance] or the respondent to the complaint [alleging an unfair labor practice]."[1]

Congress used similar limiting language in 2 U.S.C. § 1407, which grants jurisdiction to this court to hear appeals filed by "the General Counsel or a respondent before the Board . . . under section 1351(c)(3)." In addition, Congress stated that "[e]xcept as expressly authorized by sections 1407 [and other sections not pertinent to this appeal], the compliance or noncompliance with the provisions of this chapter and any action taken pursuant to this chapter shall not be subject to judicial review." 2 U.S.C. § 1410. The statutes defining the right to judicial review of Board decisions thus make clear that only the Board's General Counsel and the respondent to an unfair labor practice complaint are authorized to obtain review in this court of an adverse Board decision.

---

[1]    In section 1351(c)(2), Congress explained that, in response to an unfair labor practice charge, the General Counsel "shall investigate the charge and may file a complaint." That complaint, which is filed with the Office of Compliance and submitted to a hearing officer for decision, is the "complaint" referred to in section 1351(c)(3). Because Officer Morris chose to pursue his claim through a grievance and arbitration proceeding, rather than through the complaint proceeding under section 1351(c)(2), there is no "respondent to the complaint" in this case.

Even if the statutory language did not conclusively establish that Congress granted this court jurisdiction only in cases in which appeals are brought by the General Counsel or the respondent to a unfair labor practice complaint, the legislative history would resolve any doubt on that score. Early versions of the statute granted appellate jurisdiction over an appeal filed by "any person," but that clause was removed in favor of the statute as currently written. *See* S. Rep. No. 103-397, at 24 (1994). Because Officer Morris is neither the General Counsel nor a respondent under section 1351(c)(3), the statutory language, as confirmed by the legislative history, makes clear that he has no right to judicial review.

In contending that he is entitled to judicial review of the Board's decision in this case, Officer Morris relies on the language in section 1351(c)(3) that incorporates by reference paragraphs (1) and (2) of 5 U.S.C. § 7123(a). That language, he argues, indicates that Congress must have intended to allow any person to appeal Board decisions involving unfair labor practices. We disagree. The reference to those two paragraphs operates to limit jurisdiction, not to expand it. That point is clear from a comparison of sections 7123 and 1351. Section 7123(a) provides as follows:

> Any person aggrieved by any final order of the [FLRA] other than an order under (1) section 7122 of this title (involving an award by an arbitrator), unless the order involves an unfair labor practice under section 7118 of this title, or (2) section 7112 of this title (involving an appropriate unit determination), may . . . institute an action for judicial review of the [FLRA's] order in the United States court of appeals in the circuit in which the person resides or transacts business or in the United

States Court of Appeals for the District of Columbia.

5 U.S.C. § 7123(a). In section 7123(a), the effect of including paragraphs (1) and (2) is to preclude appellate review of FLRA decisions involving the matters described in those two paragraphs. In section 1351(c)(3), the effect of including those two paragraphs is the same with respect to Board decisions. Thus, the reference in section 1351(c)(3) to those two paragraphs makes clear that the scope of judicial review granted by section 1351(c)(3) excludes ("except for") the "matters referred to" in paragraphs (1) and (2) of section 7123(a). It does not have the very different effect of expanding the judicial review granted by section 1351(c)(3) to all persons and all subject matter falling outside the scope of those two exceptions, as Officer Morris suggests. Of particular note is that the reference in section 1351(c)(3) to paragraphs (1) and (2) of section 7123(a) does not have the effect of incorporating the "any person aggrieved" clause of section 7123(a), which is found outside of paragraphs (1) and (2). Therefore, the reference in section 1351(c)(3) to paragraphs (1) and (2) of 5 U.S.C. § 7123(a) does not grant Officer Morris the right to challenge the Board's determination, as he contends.

We therefore dismiss Officer Morris's appeal for lack of jurisdiction. Because we dismiss on that ground, we do not address his claim that the arbitration in this case involved unfair labor practices, because we lack jurisdiction over his appeal regardless of whether or not unfair labor practices were presented in connection with the arbitration.

**DISMISSED**